# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**JASON DUANE EMERY,**  **PLAINTIFF**
**ADC #510514**

**V.**          **CASE NO. 4:18-CV-636-KGB-BD**

**STITH,** *et al.*          **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.   Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge Kristine G. Baker. Any party may file written objections to this Recommendation. Objections should be specific and should include the factual or legal basis for the objection. To be considered, all objections must be received in the office of the Court Clerk within 14 days of this Recommendation.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, the parties may waive their right to appeal questions of fact.

**II.   Discussion:**

A.  Background

Jason Duane Emery, an Arkansas Department of Correction (ADC) inmate, filed this civil rights lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #2) In his complaint, Mr. Emery alleges that, on January 4, 2018, Defendants Stith,

Howard, Jackson, and Young failed to protect him from an inmate attack, then retaliated against him for utilizing the inmate grievance procedure.

Defendants have now moved for summary judgment on Mr. Emery's claims against them, arguing that he failed to exhaust his administrative remedies before filing this lawsuit. (#16) Mr. Emery has responded to the motion; Defendants have replied; and Mr. Emery has responded to their reply. (#20, #21, #22, #25, #28) The motion is now ripe for review.

B.  Exhaustion

The Court must dismiss any claim that was not fully exhausted before the date a complaint was filed. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory").

There are exceptions to the exhaustion requirement. For example, prisoners can be excused from exhausting administrative remedies when correction officials have prevented them from using grievance procedures or when officials have themselves failed to comply with administrative procedures. *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001); *Foulk v. Charrier*, 262 F.3d 687, 697-98 (8th Cir. 2001). But the exceptions to the exhaustion requirement are few. For example, an inmate's subjective belief about the effectiveness of the grievance process does not excuse a failure to exhaust; nor does

confusion about the requirements for exhaustion. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000). Exhaustion requirements vary from prison to prison because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007); see also *Woodford*, 548 U.S. at 91.

In support of their motion, Defendants attach the declaration of Terri Grigsby Brown, the ADC Inmate Grievance Supervisor. (#18-2) According to Ms. Brown, Mr. Emery filed six grievances related to the claims raised in this lawsuit: WR-18-17; WR-18-84; WR-18-85; WR-18-91; GR-18-432; and WR-18-180. (*Id*. at p.1)

Mr. Emery's appeal of grievance WR-18-17 was rejected because he failed to include attachment III to his appeal as required by the ADC inmate grievance policy. (#18-3 at p.6) His appeals of grievances WR-18-84, WR-18-91, GR-18-432, and WR-18-180 were denied because he failed to submit the original grievance within fifteen days of the underlying incident. (*Id*. at pp.11, 21, 26, 30) Finally, Mr. Emery's appeal of grievance WR-18-85 was rejected as duplicative of grievance WR-18-84. (*Id*. at p.17) As a result, Ms. Brown concludes that Mr. Emery failed to fully exhaust his administrative remedies regarding the claims raised in this lawsuit. (#18-2 at p.2)

In his response to the Defendants' motion, Mr. Emery explains that, on January 18, 2018, he submitted grievance WR-18-17. (#21 at p.3) On January 20, went on to the second step in the inmate grievance process even though he had not received a response to the grievance. (*Id*. at p.4) Mr. Emery states that, on January 22, he was summoned to Defendant Stith's office. (*Id*.) At that time, according to Mr. Emery, Defendants Stith,

Howard, and Jackson told him that "if he proceeded with [the] grievance[,] he would be removed from the S.A.T.P. program." (*Id.*)

On the same date (January 22), Mr. Emery received a response to grievance WR-18-17 from Lieutenant Norwood (not a party to this lawsuit). (*Id.*) According to Mr. Emery, he did not receive a response to step two of the grievance process until May 22, 2018. (*Id.*) At that time, he proceeded to appeal the decision to the Deputy Director. (*Id.* at p.5)

On or around January 24, 2018, Mr. Emery was transferred to the Tucker Unit and placed in another S.A.T.P. program. (*Id.*) Mr. Emery explains that he "could not risk getting terminated from [the] program," presumably for continuing to exhaust his administrative remedies regarding grievance WR-18-17. (*Id.*) As soon as Mr. Emery graduated from the S.A.T.P. program, he "reinitiated the grievance process." (*Id.*)

In their reply to Mr. Emery's response to their motion for summary judgment, Defendants explain, with regard to grievance WR-18-17, that on January 20, 2018, Mr. Emery filed step two of the grievance process. (#25-1 at p.1) On January 25, 2018, the Warden responded to Mr. Emery's appeal. (*Id.*) On April 9, 2018, Mr. Emery's appeal was rejected by the Chief Deputy Director's office because Mr. Emery had failed to include Attachment III to his appeal, as required by the ADC inmate grievance policy. (*Id.*)

According to the ADC inmate grievance policy, to appeal the unit level grievance decision, an inmate must include the original unit level grievance form and the Warden/Center Supervisor Decision Form (Attachment III). (#18-1 at p.11) If the inmate

4

did not receive a response or extension within the time frame provided by the Warden/Center Supervisor, then the inmate must attach the Acknowledgement or Rejection of Unit Level Grievance Form (Attachment II). (*Id.*)

Here, Mr. Emery's grievance papers indicate that, on January 25, 2018, Warden Watson responded to grievance WR-18-17. (#18-3 at pp.1, 4) A notation on the Warden/Center Supervisor's decision to that grievance indicates that, on April 4, 2018, that decision was sent to Mr. Emery along with a "response to grievance WR-18-85."[1] (*Id.* at p.5) On April 9, 2018, Mr. Emery's appeal of the Warden/Center Supervisor's decision was received by the Inmate Grievance Supervisor and rejected because Mr. Emery had not included a signature, date, or ADC number on the form. (*Id.* at pp.1, 6)

Mr. Emery alleges that he did not receive a copy of the Warden/Center Supervisor's decision until May 22, 2018. His grievance papers, however, contradict that assertion. (#28 at p.4)

In his response to the Defendants' motion, Mr. Emery contends that, in grievances WR-18-85 and WR-18-180, he was complaining about the "standard lines of communication" policy that remained an active policy in the S.A.T.P. program at the Wrightsville Unit at the time that he submitted those grievances. The Court will address each of those grievances in turn.

---

[1] The Court notes that Mr. Emery's grievance papers indicate that the Warden responded to grievance WR-18-85 on April 4, 2018. (#18-3 at p.14)

5

First, in grievance WR-18-85, Mr. Emery does refer to the "standard lines of communication," but that grievance was rejected as duplicative of grievance WR-18-84. (#18-3 at p.17) Accordingly, Mr. Emery's argument without merit.

Second, in grievance WR-18- 180, Mr. Emery plainly complains about the "standard lines of communication[s]" available to inmates in the S.A.T.P. program at the Wrightsville Unit. (#18-3 at p.28) The inadequacy of the "standard line of communication" policy, however, is not at issue in this lawsuit. Furthermore, on January 24, 2018, Mr. Emery was transferred from the Wrightsville Unit to the Tucker Unit, so he was no longer subjected to the policy at issue. (#18-3 at p.30) Accordingly, the Court agrees that grievance WR-18-180 was properly rejected as untimely.

Mr. Emery also argues that he fully exhausted grievance WR-18-84. (#21 at p.8) In that grievance, Mr. Emery complains that Defendants failed to protect him from the inmate attack on January 4, 2018, and that, on January 23, 2018, he was transferred to the Tucker Unit in retaliation for filing a grievance regarding the incident. (#18-3 at p.10)

On April 3, 2018, Mr. Emery filed grievance WR-18-84. (*Id*.) On April 17, the Warden/Center Supervisor found that grievance "untimely and . . . without merit." (#18-3 at p.11) On May 11, the Chief Deputy/Deputy/Assistant Director denied Mr. Emery's appeal of that decision. (*Id*. at p.13) Accordingly, the merits of grievance WR-18-84 were never addressed, nor fully exhausted. The Court agrees that Mr. Emery failed to timely submit grievance WR-18-84, regardless of his subjective beliefs about the inmate grievance procedure.

With regard to grievance WR-18-91, Mr. Emery contends that, he was actually complaining about his need for medical and mental health treatment at that time, and that ADC staff improperly rejected that grievance as untimely. (#21 at p.8; #18-3 at p.21) Mr. Emery's medical and mental health treatment, however, are not at issue in this lawsuit. Although Mr. Emery argues that he appealed that grievance to the final level of the inmate grievance procedure, the merits of grievance 18-84 were never addressed. The Warden/Center Supervisor found the grievance to be "untimely and without merit," and the Chief Deputy/Deputy/Assistant Director denied Mr. Emery's appeal of that decision. (#18-3 at pp.21, 24)

Finally, on May 21, 2018, Mr. Emery submitted grievance GR-18-432. (*Id.* at p.25) In that grievance, Mr. Emery complains that he was denied access to the grievance procedure and that he was subjected to retaliatory transfers. (*Id.*) ADC staff members rejected that grievance as untimely. (*Id.* at p.26)

The adequacy of the ADC inmate grievance procedure is not at issue in this lawsuit; nor can allegations about the grievance policy support a constitutional claim. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (an inmate does not have a constitutional right to an inmate grievance procedure at all). Furthermore, in grievance GR-18-432, Mr. Emery complains about his transfer to the Grimes Unit in either April or May 2018, but he does not reference any of the named Defendants by name or title in grievance 18-432.

While Mr. Emery has alleged that the named Defendants were responsible for his transfer to the Tucker Unit in January 2018, he does not specifically complain that the

7

Defendants were involved in his transfer to the Grimes Unit. Thus, with regard to the claims raised in this lawsuit, grievance GR-18-432 was properly rejected as untimely.

Based on the undisputed evidence in this record, Mr. Emery has failed to create a genuine issue of material fact regarding his failure to exhaust his administrative remedies. For that reason, Defendants are entitled to summary judgment on the issue of exhaustion.

### III.  Conclusion:

The Court recommends that the Defendants' motion for summary judgment (#16) be GRANTED. Mr. Emery's claims should be DISMISSED, without prejudice, based on his failure to exhaust his administrative remedies.

DATED, this 8th day of March, 2019.

_____
UNITED STATES MAGISTRATE JUDGE